# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7532 | **DATE** | 5/6/2004 |
| **CASE TITLE** | Catherine Fahy vs. James Page, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants Page and Eisenberg motion to dismiss (38-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAY 07 2004 | | |
| | Notified counsel by telephone. | | date docketed | | 48 |
| ✓ | Docketing to mail notices. | | GMA | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| CW | courtroom deputy's initials | 2004 MAY -6 PM 5:16 U.S. DISTRICT COURT | date mailed notice | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CATHERINE FAHY, individually and )
as special administrator for the Estate )
of DALE FAHY, deceased, )
)
Plaintiff, )
)
v. )
)
JAMES PAGE, warden at Stateville )
Correctional Facility, BARBARA )
MILLER and JOSEPH SMITH, medical )
directors at Stateville Correctional )
Facility, STEVEN EISENBERG, )
director of psychology and or psychiatry )
at Stateville Correctional Facility, )
AMAR CHAWLA, doctor at Stateville )
Correctional Facility and JOHN DOE, )
correctional officer at Stateville )
Correctional Facility, )
)
Defendants. )

DOCKETED
MAY 0 7 2004

No. 01 C 7532
Paul E. Plunkett, Senior Judge

MEMORANDUM OPINION AND ORDER

Plaintiff Catherine Fahy has sued defendants under 42 U.S.C. § ("section") 1983, alleging that defendants deprived Dale Fahy of his constitutional rights while he was in their custody. Defendants Page and Eisenberg have filed a motion to dismiss. For the reasons set forth below, the motion is denied.

Facts

Dale Fahy ("Dale"), now deceased, was a resident of Will County, Illinois. (Compl. ¶ 3.) He was arrested by Downer's Grove police on or about July 15, 1999. (*Id.* ¶¶ 4, 6.) At the time he was taken into custody, Dale told the police and others that he intended to commit suicide. (*Id.* ¶ 5.) He was placed under a suicide watch by the Downer's Grove Police Department. (*Id.* ¶ 6.) On or about July 16, 1999, Dale was transferred from the Downer's Grove Police Department to the Will County Sheriff's Department. (*Id.* ¶ 7.) While in sheriff's department custody, Dale was under a suicide watch. (*Id.* ¶ 8.) On or about July 22, 1999, Dale was transferred to the State of Illinois' Department of Corrections ("IDOC"). (*Id.* ¶ 9.)

IDOC placed Dale at the Danville Correctional Facility ("Danville") in Danville, Illinois. (*Id.* ¶ 12.) While at Danville, Dale was placed on psychiatric medications. (*Id.* ¶ 13.) He was transferred from Danville to the IDOC facility in Joliet, known as "Stateville." (*Id.* ¶¶ 10, 12.) While at Stateville, Dale was under a suicide watch for approximately forty hours. (*Id.* ¶ 11.) On September 28, 1999, while at Stateville, Dale took his own life by hanging himself in his jail cell. (*Id.* ¶ 19.)

Plaintiff alleges that while in the custody of the Downer's Grove Police Department, Will County Sheriff's Department and IDOC (at both Danville and Stateville), Dale exhibited signs, symptoms and behavior indicative of a person reasonably likely to commit suicide. (*Id.* ¶14.) He was identified or otherwise known by employees or agents of each police agency or institution to be a suicide risk. (*Id.* ¶ 15.) IDOC has established protocols and procedures to be followed with inmates like Dale who exhibit suicidal tendencies. (*Id.* ¶ 16.)

According to plaintiff, defendants disregarded Dale's safety and well-being by failing to properly and adequately examine and evaluate him. (*Id.* ¶ 17.) They failed to properly and adequately supervise subordinates who failed to properly and adequately examine or evaluate Dale. (*Id.*) Defendants refused or deliberately failed to adequately advise other IDOC staff of the risk of suicide in Dale's case, and they failed to refer him to appropriate professionals for treatment. (*Id.*) Defendants also failed to provide protection, and failed to take other necessary and reasonable steps, to keep Dale from committing suicide. (*Id.*) In doing all of the above, Dale was denied his rights under the Eighth and Fourteenth amendments.

## Discussion

Before addressing defendants' arguments in support of their motion to dismiss, a brief history of the case with respect to these two defendants is warranted. Plaintiff filed her complaint on September 28, 2001. Defendant Page was served on April 18, 2002. The case was up for a status hearing on May 21, 2003, and plaintiff failed to appear. We rescheduled the status hearing for June 4, 2003, and warned that if plaintiff failed to appear then, the case would be dismissed for want of prosecution. Plaintiff failed to appear on June 4 and we dismissed the case. On June 16, 2003, plaintiff moved to vacate the dismissal order. We granted plaintiff's motion and the case was reinstated on July 29, 2003.

Plaintiff's attorneys withdrew from the case in October 2003. At a status hearing on November 12, 2003, attended by plaintiff's new counsel, we set a discovery schedule and gave plaintiff additional time to serve any unserved defendants, including Eisenberg. Eisenberg was served on December 22, 2003.

Although presented in a somewhat complex manner, Page and Eisenberg's motion to dismiss seems to be grounded in two theories: that our June 4, 2003 dismissal of this case under Rule 41 was a dismissal with prejudice, and we could not reinstate the case because the statute of limitations had run; and that the case with respect to Eisenberg should be dismissed because he was served well beyond the time allowed under Rule 4(m) and beyond the statute of limitations. We address each argument in turn.

*Reinstatement of Plaintiff's Case*

Because defendants are essentially objecting to our July 29, 2003 reinstatement of plaintiff's case, we construe their motion as a motion to reconsider. *See Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985) ("Of course, if the order was interlocutory, [the district judge] had the power to reconsider it at any time before final judgment."). Motions to reconsider do not have express filing requirements or time constraints. *See Holmes v. City of Aurora*, 1995 WL 21606, at *2-3 (N.D. Ill. Jan. 17, 1995).

A motion to reconsider is appropriate where: the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions to reconsider are not the time to rehash old arguments or tender new legal theories. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (internal citation omitted); *Holmes*, 1995 WL 21606, at *2.

Defendants do not now seem to advance any of the arguments listed above that warrant a fresh examination of the issue. They suggest that this Court made an error of reasoning, saying that our June 4, 2003 dismissal of this case was "a permanent one and effectively with prejudice." (Mot. to Dismiss at 3.) According to defendants, the statute of limitations on this case ran out on September 28, 2001, the day the case was filed. They go on to say that "plaintiff's right to sue anyone permanently ended on June 4, 2003, the day [this Court] dismissed this case for want of prosecution." (*Id.* at 6.) Thus, say defendants, we had no jurisdiction to vacate the dismissal order because the lawsuit had essentially expired. (*Id.* at 3.)

As noted above, a motion to reconsider is not the proper vehicle to address an error of reasoning. *See Bank of Waunakee*, 906 F.2d at 1191. Even if we do reconsider our decision to reinstate the case, however, defendants are incorrect in assuming that the reinstatement acted as a new filing and therefore implicates statute of limitations concerns. Following our dismissal of the case, plaintiff moved to vacate the dismissal order. Under Rule 60(b), we can grant relief from judgment under certain circumstances, and we exercised our discretion under this Rule to grant plaintiff's motion and reinstate the case. *See 3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340-41 (7th Cir. 1987) (discussing dismissal under Rule 41(b), reinstatement of case under Rule 60(b) and court's discretion under both rules). In granting plaintiff's motion, we effectively revived the original case, thus avoiding any statute of limitations problem associated with filing a new claim.[1] *Feldman v. American Mem'l Life Ins. Co.*, 1998 WL 102663, at *3 (N.D. Ill. Mar. 3, 1998)

---

[1] Defendants' argument that plaintiff lost her right to proceed against Page (who was served in April 2002) on June 4, 2003 is unavailing given that the case was reinstated, not refiled, as defendants suggest. (Mot. to Dismiss at 5, 6.) In addition, defendants' reliance on *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000) is confusing. *Elmore* addressed dismissals without prejudice but defendants assert that the dismissal of this case was effectively with prejudice. (Mot. to Dismiss at 3, 5, 6.)

(citing *Peterson v. BMI Refractories*, 132 F.3d 1405, 1414 (11th Cir.1998); *Ford v. Sharp*, 758 F.2d 1018, 1024 (5th Cir.1985)). Plaintiff may continue her case against defendants.

*Service of Defendant Eisenberg*

Defendants base their motion to dismiss Eisenberg on the facts that: Eisenberg was served in late December 2003, "well over the expiration period of the statute of limitations"; and plaintiff did not exhibit "good cause" as required by Rule 4(m) to warrant an enlargement of time to effect service so late in the case. (Mot. to Dismiss at 2, 4, 5.) As discussed *supra*, defendants appear to be asking us to reconsider our November 2003 decision to allow plaintiff additional time to serve Eisenberg. Again, defendants do not seem to base their motion on any of the reasons set forth in the *Bank of Waunakee* case.

Even if we do revisit the issue, defendants' arguments are unavailing. On their first point, to the extent defendants argue that a defendant must be served before the statute of limitations runs, they are mistaken. (Mot. to Dismiss at 3, 6; Reply at 6.) Because it is the filing of the complaint that begins an action, it is the filing of the complaint that must satisfy the statute of limitations. Fed. R. Civ. P. 3. Rule 4(m) requires that, generally, service of summons and complaint be made on a defendant "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). Thus, it is entirely possible, and permissible, that a defendant may not learn about a suit until after the limitations period has expired. *See Williams-Guice v. Board of Educ.*, 45 F.3d 161, 162 (7th Cir. 1995). Service of process on Eisenberg after the expiration of the limitations period does not alone warrant his dismissal from the case.

Defendants' second argument fares no better. Rule 4(m)'s 120-day time period for service is not an absolute. Under certain circumstances, a court may allow service to be made beyond that time frame. *See* Fed. R. Civ. P. 4(m) (stating that if service is not made within 120 days after the filing of the complaint, the court may direct that service be effected within a specified time).

The thrust of defendants' argument is that plaintiff did not show "good cause" to warrant an extension of time to serve Eisenberg. (Mot. to Dismiss at 3-4, 6; Reply at 3-4.) Plaintiff did not have to show good cause. Rule 4(m) *requires* a court to extend time for service in the event good cause is shown, but a court may, in its discretion, extend time for service even absent a showing of good cause. *See* Fed. R. Civ. P. 4(m) (specifically providing that "if the plaintiff shows good cause for the failure [to serve defendant within 120 days], the court *shall* extend the time for service for an appropriate period") (emphasis added); Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) (new subdivision (m) "explicitly provides that the court shall allow additional time if there is good cause" and "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown"). *See also Davis v. National R.R. Passenger Corp.*, 1997 WL 527287, at *2 n.2 (N.D. Ill. Aug. 19 1997) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) for proposition that under Rule 4(m), courts have discretion to enlarge the 120-day period even if no good cause is shown). This specific matter, and the parties, were before us in November 2003. We were satisfied at that time that a limited extension of time in which to serve Eisenberg (and other unserved defendants) was warranted and we granted it. Plaintiff served Eisenberg within that time period. We will not dismiss him from the case.

## Conclusion

For the reasons stated above, defendants' motion to dismiss is denied.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**
**PAUL E. PLUNKETT**

DATED: MAY - 6 2004