Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7532 | **DATE** | 6/18/2004 |
| **CASE TITLE** | Catherine Fahy vs. James Pages, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Smith's motion to dismiss (42-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 51 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 6/18/2004 | |
| | | | date mailed notice | |
| CW | courtroom deputy's initials | 2004 JUN 18  9:52 | CW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CATHERINE FAHY, individually and )
as special administrator for the Estate )
of DALE FAHY, deceased, )
)
      Plaintiff, )
)
v. ) No. 01 C 7532
) Paul E. Plunkett, Senior Judge
JAMES PAGE, warden at Stateville )
Correctional Facility, BARBARA )
MILLER and JOSEPH SMITH, medical )
directors at Stateville Correctional )
Facility, STEVEN EISENBERG, )
director of psychology and or psychiatry )
at Stateville Correctional Facility, )
AMAR CHAWLA, doctor at Stateville )
Correctional Facility and JOHN DOE, )
correctional officer at Stateville )
Correctional Facility, )
)
      Defendants. )

**DOCKETED**
JUN 2 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Catherine Fahy has sued defendants under 42 U.S.C. § ("section") 1983, alleging that defendants deprived Dale Fahy of his constitutional rights while he was in their custody. Defendant Smith has filed a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(5). For the reasons set forth below, the motion is denied.

## Discussion

The facts of this case are set forth in our Memorandum Opinion and Order dated May 6, 2004 (denying motions to dismiss of defendants Eisenberg and Page). We also provided a brief history of the proceedings before this Court, which we repeat here to the extent they pertain to Smith's motion to dismiss.

Plaintiff filed her complaint on September 28, 2001. The case was up for a status hearing on May 21, 2003, and plaintiff failed to appear. We rescheduled the status hearing for June 4, 2003, and warned that if plaintiff failed to appear then, the case would be dismissed for want of prosecution. Plaintiff failed to appear on June 4 and we dismissed the case. On June 16, 2003, plaintiff moved to vacate the dismissal order. We granted plaintiff's motion and the case was reinstated on July 29, 2003.

Plaintiff's attorneys withdrew from the case in October 2003. At a status hearing on November 12, 2003, attended by plaintiff's new counsel, we set a discovery schedule and gave plaintiff additional time to serve any unserved defendants, including Smith. Smith was served on December 22, 2003.

Smith has filed a motion to dismiss for insufficiency of process. He argues for dismissal on the grounds that plaintiff did not satisfy the requirements of Rule 4(m) (neither the "good cause" requirement nor the "excusable neglect" requirement") to warrant an extension of time to effect service. He also asserts that the delay in serving him has caused him prejudice.

Rule 4(m)'s 120-day time period for service is not an absolute. Under certain circumstances, a court may allow service to be made beyond that time frame. *See* Fed. R. Civ. P. 4(m) (stating that if service is not made within 120 days after the filing of the complaint, the court may direct that

service be effected within a specified time). If good cause for an extension of time to effect service is shown, then Rule 4(m) *requires* a court to grant the extension. *See* Fed. R. Civ. P. 4(m) (use of word "shall" means court must extend time). Even if good cause is not shown, a court has discretion to grant an extension of time beyond the 120-day period provided for in Rule 4(m). *See* Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) (new subdivision (m) "explicitly provides that the court shall allow additional time if there is good cause" and "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown"). *See also Davis v. National R.R. Passenger Corp.*, 1997 WL 527287, at *2 n.2 (N.D. Ill. Aug. 19 1997) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) for proposition that under Rule 4(m), courts have discretion to enlarge the 120-day period even if no good cause is shown).

Smith has not provided us with any means, such as transcripts of proceedings before us and Magistrate Judge Nolan, by which we could engage in a close re-examination of the circumstances that led to our November 2003 decision to grant plaintiff an extension of time to serve Smith.[1] At the time this matter was before us that November, plaintiff's original counsel had withdrawn from the case and plaintiff's new (and present) counsel suggested that an attempt to locate Smith to effect service had been made by former counsel.[2] Discovery had not yet begun. Moreover, the statute of limitations may have affected plaintiff's ability to refile against unserved defendants. We were satisfied at that time that a limited extension of time in which to serve Smith (and other unserved

---

[1] We are not suggesting that, if Smith provides transcripts to us, we will reconsider our decision on this matter.

[2] Plaintiff's counsel now says that Smith was difficult to locate and serve because he no longer works for the state of Illinois, he has an unlisted number and his current home and work addresses were unknown. (Response at 4.)

defendants) was reasonable and we granted it.[3] *See* Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) ("[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service . . . ."). Plaintiff served Smith within that time period.[4]

Smith also argues that he has been prejudiced in his defense because of the delay in service. He says that his opportunity to investigate and question potential witnesses has been lost, in part because witnesses' memories have faded, and that his own ability to recall the events surrounding Fahy's death has diminished. (Mot. to Dismiss at 7.) Plaintiff responds that any delay does not prejudice Smith, especially because he is a medical doctor. She says that it is customary for medical institutions to maintain medical records for at least seven years. She also says that under Illinois' discovery rule, malpractice actions against physicians can be brought up to four years after the negligent act. These facts, she says, alert physicians to the fact that suits can be brought many years after a particular event. (Response at 6.)

Without commenting on plaintiff's specific arguments, we do not find that Smith has established any prejudice from the delay in service of process. *Cf. Coleman v. Milwaukee Bd. of School Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (late service allowed in part because defendant does not show any actual harm to its ability to defend suit as a consequence of the delay in service). He

---

[3] Smith says that plaintiff served him without leave of court on December 22, 2003. (Mot. to Dismiss at 3.) That is not the case. On November 12, 2003, we told plaintiff's new counsel that unserved defendants had to be served before depositions were to begin in six weeks' time.

[4] Smith states in his motion that plaintiff did not even obtain a summons for him until December 19, 2003. (Mot. to Dismiss at 2-3.) However, the court file indicates that five summonses, one for each named defendant, were issued to plaintiff on September 29, 2001.

does not argue that any records have been lost or that specific witnesses are unavailable.[5] He says only in general terms that memories have faded, but this alone does not establish that Smith's ability to defend himself has been compromised because of the late service. *Id.*[6] Given the circumstances under which we granted plaintiff an extension of time in which to serve Smith and Smith's failure at this time to provide evidence of any actual harm due to the delayed service, we deny Smith's motion to dismiss.

### Conclusion

For the reasons stated above, defendant's motion to dismiss is denied.

ENTER:

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: JUN 1 8 2004

---

[5] Magistrate Judge Nolan's June 2002 Order, requiring that medical and psychiatric reports and records be produced upon request to the attorneys of record in this case, addressed in part the risk that documentary evidence may be lost.

[6] For the *Coleman* court, one of the considerations in deciding whether to dismiss a case for untimely service was whether defendant actually had notice of the suit. *See Coleman*, 290 F.3d at 934. It is not unreasonable to assume that Smith knew about this lawsuit before he was served. The Illinois Department of Corrections ("IDOC") (Smith's employer at the time of Dale Faby's suicide) is listed as an attorney of record on the court's electronic docket for all IDOC employee-defendants and receives notices from the court about the case. Certain IDOC employee-defendants were served soon after plaintiff filed this case. IDOC has been receiving notices about the case from very early on in the proceedings. We do not know, however, when Smith left IDOC or in what manner and to what extent IDOC communicates with employees (current and past) named in lawsuits.